**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DOHN LEE LACOUNT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 5:14-CV-0417-MTT-CHW** |
| **MEDICAL STAFF at Bibb County Jail,** | : | |
| **Deputy OGLETREE, Deputy ROSE,** | : | |
| **and Deputy BILLINGS,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER & RECOMMENDATION

Plaintiff **Dohn Lee LaCount**, a prisoner confined in the Bibb County Jail in Macon Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983.   Plaintiff seeks to proceed in this case without pre-payment of the Court's filing fee and has also filed several motions.   For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** and his claims against Defendants **Ogletree**, **Rose**, and **Billings** will be allowed to go forward.   The undersigned further **ORDERS** that **Sheriff David Davis** and **Lt. Meadows** be added as named defendants in this case; and Fourteenth Amendment claims against these individuals may also go forward.   It is **RECOMMENDED**, however, that Plaintiff's claims against "**the whole medical staff at Bibb County Jail**" be **DISMISSED** and that both Plaintiff's Motion for Transfer (Doc. 5) and Application for Return of Property (Doc. 9) be **DENIED**.

### I.    Motion to Proceed *in forma pauperis*

Plaintiff has filed a motion for leave to proceed in this action *in forma pauperis*.   Although Plaintiff has not filed a certified copy of his prison trust account statement as generally required,

see 28 U.S.C. § 1915(a), his pleading alleges that jail officials have failed to respond to his request for an account statement.   It thus appears that Plaintiff did attempt to provide the Court with the required information, but was unable to through no fault of his own.   In light of this, and because Plaintiff's submissions state that he has no funds in his prison trust account and "never had one penny on [the] books" at the prison, see Motion (Doc. 5) at 3, Plaintiff's Motion will be **GRANTED**; and he will be permitted to proceed without prepaying any portion of the filing fee. See 28 U.S.C. § 1915(b).   This does not mean that the filing fee is waived.   Plaintiff is still obligated to pay the full balance of the filing fee using the payment plan described in § 1915(b) and ordered herein, *see infra* p. 11.   The Clerk of Court is accordingly **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is currently confined.

## II.    Preliminary Screening of Plaintiff's Complaint

### A.  Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] Deputy or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court.   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests[.]"   <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. See <u>id</u>.   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B.  Plaintiff's Claims

This case arises out of Plaintiff's confinement at the Bibb County Jail.   Plaintiff alleges that he was attacked and seriously injured by other inmates on November 17, 2014, and that the "three housing unit officers on duty" at the time, presumably Deputies Ogletree, Rose, and Billings, observed the attack through a window but intentionally and callously delayed their response.   The Complaint states that Plaintiff was then denied medical treatment, by Defendants and medical staff, for a badly broken finger until November 25, 2014, more than a week after the attack.   When finally examined, Plaintiff was apparently told that his finger was not only broken but crushed and that if any bone fragment from that finger was to enter his blood stream and reach his heart, it would kill him "instantly."   It was thus recommended that Plaintiff be sent to the "Medical Center" for additional care.   Prison officials, however, have not yet provided Plaintiff with the needed medical care for this finger.   Plaintiff has apparently filed multiple administrative grievances and claims to have also mailed numerous letters to the Bibb County Sheriff.

Plaintiff filed the present suit against Deputies Ogletree, Rose, and Billings and "the whole medical staff at Bibb County Jail" under § 1983 for alleged violations of his constitutional rights. Since the filing of his Complaint, Plaintiff has also mailed the Court several letters and motions. The undersigned construes two of Plaintiff's supplemental filings – a letter requesting that the

Court "speed up" his case "so that [he] can get the proper medical care" (Doc. 6) and a "Motion for Instant Proper and Professional Medical Care" (Doc. 10) – together as a single motion for preliminary injunctive relief.   Both request the same relief - i.e., that the Court enter an order requiring that Plaintiff be sent for immediate medical treatment.   Plaintiff has also filed a "Motion for Transfer" (Doc. 5) in which he alleges that he is currently being denied medication, deprived of food, denied indigent hygiene items and stationary supplies, and mistreated by guards.   Because of this, Plaintiff requests that the Court enter an order transferring him to another facility.   In his most recent filing, an "Application for Return of Property" (Doc. 9), Plaintiff requests that the Court order his brother to return his wallet and ATM card.

        1.   <u>Claims against Deputies Ogletree, Rose, and Billings  and "the whole medical staff at Bibb County Jail"</u>

From Plaintiff's allegations, the undersigned understands that Plaintiff is attempting to bring § 1983 claims against **Deputies Ogletree**, **Rose**, and **Billings** based on their failure to aid him during the attack and their alleged deliberate indifference to his serious medical needs.   When liberally construed and read in his favor, Plaintiff's allegations are sufficient to allow various Fourteenth Amendment[1] claims against these defendants to go forward.

Plaintiff cannot, however, state a claim against the "whole medical staff at Bibb County Jail."   The "medical staff" is not a person or entity subject to suit under § 1983.   <u>Jones v. Irwin County Jail</u>, 7:09–cv–148–HL (M.D. Ga. Dec. 17, 2009).   It is therefore **RECOMMENDED** that Plaintiff's claims against the "**whole medical staff**" be **DISMISSED**.   If Plaintiff wishes to bring claims for denial of medical care against a specific member of the medical staff - based on events occurring on or after November 17, 2014 - he will need to amend his Complaint to identify the

---

[1] It appears that Plaintiff is a pretrial detainee. "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause." <u>Cottrell v. Caldwell</u>, 85 F.3d 1480, 1490 (11th Cir. 1996); <u>Thomas v. Town of Davie</u>, 847 F.2d 771, 772 (11th Cir. 1988).   Plaintiff may also have alleged violations of the Equal Protection Clause of the Fourteenth Amendment, i.e., disparate treatment because of his race.

specific individual defendant or defendants he wishes to sue and also to explain what each defendant did or did not do to violate his constitutional rights.  The same is true with respect to any other possible claims arising from the conditions of Plaintiff's confinement or alleged interference with his legal mail, such as those things alleged in Plaintiff's motions and letter complaining about the recent conduct of Detective Byrd, Officer King, and Officer Penamon (Doc. 7).

### 2.  Motions for Preliminary Injunction

As stated above, the undersigned has construed two of Plaintiff's supplemental filings – a letter requesting that the Court "speed up" his case "so that [he] can get the proper medical care" (Doc. 6) and his "Motion for Instant Proper and Professional Medical Care" (Doc. 10) – together as a single motion for preliminary injunction.   Plaintiff also seeks preliminary injunctive relief in his Motion for Transfer (Doc. 5) and Application for Return of Property (Doc. 9).

#### a.  *Letter and Motion for Instant Proper and Professional Medical Care*

By letter and in his "Motion for . . . Medical Care," Plaintiff requests that the Court order prison officials to provide him with immediate medical treatment.   In his letter, Plaintiff states that he notified the Bibb County Sheriff of his need for medical treatment and that the Sheriff sent a detective to speak with Plaintiff.   Lt. Meadows then apparently met with Plaintiff and stated that he would have Plaintiff's finger "seen about" but he has since failed to do so.   Plaintiff's Motion alleges that he has now been seeking treatment for his broken finger for "more than a month" and has been told that prison officials will not send him to the hospital (as was recommended by the physician and/or technician that saw him on or about November 25, 2014) because they are "not going to pay" for it.

In light of these allegations, the undersigned **DIRECTS** the Clerk to add **Sheriff David Davis** and **Lt. Meadows** as named defendants in this case for the purpose of this motion. Fourteenth Amendment claims against these individuals will also be allowed to go forward. Plaintiff is thus **ORDERED** to amend his Complaint to include any and all claims he wishes to bring against Sheriff Davis and Lt. Meadows.  Plaintiff is also **ORDERED** to supplement his requests for immediate medical care with additional information.[2]   Both the amended complaint and supplemental motion must be submitted to the Court within **FOURTEEN (14) DAYS** of the date of this Order.  Failure to timely file the requested pleadings may result in the denial of Plaintiff's Motion and dismissal of any claims against Sheriff Davis and Lt. Meadows.

### b.  Motion for Transfer

In his Motion for Transfer, Plaintiff alleges, *inter alia*, that he is currently being mistreated by guards and being denied medication, food, indigent hygiene items, and stationary supplies. However, neither Plaintiff's Motion nor his Complaint links any named defendant to these alleged *ongoing* constitutional violations.   The Court cannot issue a general injunction against unnamed persons.   Even if the undersigned were to assume that Plaintiff seeks such relief from the named defendants, Plaintiff has not alleged facts showing that Defendants are personally involved in the newly alleged constitutional violations.   It is thus **RECOMMENDED** that Plaintiff's Motion for Transfer be **DENIED**.

If Plaintiff is in need of immediate assistance from the Court regarding a denial of medication, deprivation of food, denial of indigent supplies, or any other unconstitutional conditions alleged in his Motion, he should file a new motion and/or amend his Complaint,

---

2 Plaintiff is advised that, before a motion for preliminary injunction may be granted, the movant must demonstrate that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

identify the individuals who are allegedly violating his constitutional rights, specify what relief he seeks, and state from whom such relief is sought. Prisoners generally may not move for court-ordered transfer to a new facility, as they have no constitutional right to remain in, or be transferred to, a particular institution. See Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). The relief sought should thus be directed towards a specific remedy of the alleged violation, rather than a request for transfer to a new jail.

*c.  Application for Return of Property*

In his most recent filing, Plaintiff claims that he gave his brother, Joseph Lacount, his wallet for a limited purpose and that his brother is now making unauthorized purchases using Plaintiff's ATM card. Plaintiff thus requests that the Court order his brother – pursuant to O.C.G.A. § 17-5-50 – to return his property.

It is **RECOMMENDED** that this motion be **DENIED**. Plaintiff's brother is not a party to this action; nor can Plaintiff bring a claim against his brother, a private individual, under § 1983. Plaintiff's reliance on O.C.G.A. § 17-5-50 is likewise misplaced: This state statute allows for claims to be made for return of property held by a police department, sheriff's office, or other law enforcement agency. It is not a vehicle for recovering property allegedly converted by a family member. If Plaintiff wishes to bring a conversion claim against his brother, he may do so by filing a separate complaint in state court. Such a claim could not be joined in this action. See generally, Fed. R. Civ. P. 20(a)(2)(A)-(B); Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

## III.  Conclusion

For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and Plaintiff's claims against **Deputies Ogletree**, **Rose**, and **Billings** will be allowed

to go forward for further factual development. The undersigned has also construed two of Plaintiff's filings (Doc. 6 & 10) together as a single motion for preliminary injunction and **ORDERS** that **Sheriff David Davis** and **Lt. Meadows** be added as parties to this action for the purpose of Plaintiff's request for immediate medical care; related Fourteenth Amendment claims against these individuals may also go forward. It is accordingly **ORDERED** that service be made on **Deputies Ogletree**, **Rose**, and **Billings**, **Sheriff David Davis,** and **Lt. Meadows** and that they file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service pursuant to Rule 4. Plaintiff has **FOURTEEN (14) DAYS** from the date of this order to file an amended complaint and supplemental motion for preliminary injunction – as ordered herein.

It is **RECOMMENDED** that Plaintiff's claims against "**the whole medical staff at Bibb County Jail**" be **DISMISSED** and that both his Motion for Transfer (Doc. 5) and Application for Return of Property (Doc. 9) be **DENIED**. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of

any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an

answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

10

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation

11

Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

      **SO ORDERED**, this 17th day of December, 2014.

                                  s/ Charles H. Weigle
                                  Charles H. Weigle
                                  United States Magistrate Judge