IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DOHN LEE LACOUNT,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:14-CV-0417-MTT-CHW |
| **MEDICAL STAFF at Bibb County Jail,** : | |
| **Deputy OGLETREE, Deputy ROSE,** : | |
| **and Deputy BILLINGS,** : | |
| : | |
| **Defendants** : | |

## ORDER

Plaintiff **Dohn Lee LaCount** filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A(a), the United States Magistrate Judge conducted a preliminary review of Plaintiff's Complaint and recommended that Plaintiff's claims against "the whole medical staff at Bibb County Jail" be dismissed for failure to state a claim. The Magistrate Judge also recommended that both Plaintiff's Motion for Transfer (Doc. 5) and Application for Return of Property (Doc. 9) be denied. Plaintiff has now filed a response (Doc. 21) to the Magistrate Judge's Recommendation, but does not object to the findings or recommendations therein. Thus, after thorough consideration, the Court accepts and **HEREBY ADOPTS** the findings and conclusions of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1).

Plaintiff's response is, however, construed to be a motion to amend his complaint and a motion for the appointment of counsel. As to his motion to amend, Plaintiff moves to add new parties: Dr. Greg, Nurse Street, Detective Byrd, Officer King, and Officer

Penamon; but, Plaintiff's motion does not seek to add any allegations against these individuals. Plaintiff only makes a vague reference to Dr. Greg and Mrs. Street in his Complaint, and Plaintiff's only allegations against Detective Byrd, Officer King, and Officer Penamon were included in his motion for transfer.

Under Fed. R. Civ. P. 15(a), Plaintiff is entitled to amend his Complaint. The Court will thus **GRANT** Plaintiff's motion to amend; however, Plaintiff will now need to file a single supplement that (1) identifies all of the new defendants that he wishes to sue (presumably Dr. Greg, Nurse Street, Detective Byrd, Officer King, and Officer Penamon) and (2) includes all claims and allegations he wishes to make against them. In so doing, Plaintiff may simply list each named defendant on a sheet of paper and then, beside each name, list: what that defendant did (or did not do) to violate his constitutional rights; when and where this occurred; and what injury he suffered as a result of those actions. This amendment will be considered a supplement with and in addition to Plaintiff's original complaint. Plaintiff is thus not required to name or make any new allegations against Defendants Ogletree, Rose, Billings, Sheriff Davis or Lt. Meadows unless he also wishes to state new claims against these defendants.

Plaintiff's motion for appointment of counsel is, however, premature. The Court cannot properly evaluate Plaintiff's need for counsel until it has an opportunity to conduct a preliminary review of all claims and review any responsive pleadings. Even then, however, Plaintiff has "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). This case has not yet presented any

2

"exceptional circumstances" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated; and the law governing Plaintiff's claims is neither novel nor complex. However, if it later becomes apparent that counsel should be appointed in this case, because of either the complexity of the issues or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion. Until then, Plaintiff's motion is **DENIED**.

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file his amendments by way of supplement. Plaintiff's new claims will then be subject to review under 28 U.S.C. § 1915A(a).

**SO ORDERED**, this 13th day of February, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr